# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN D. HAMLET, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:17-cv-00067-WTL-MJD |
| COMMISSIONER Indiana Department of Correction, INDIANA PAROLE BOARD, K. DAVIDSON Indiana Parole Officer, M. EASTON Indiana Parole Officer, BROWN IMPD Officer, MARION CO. CLERK OF THE COURT RM. 24, SUPERINTENDENT New Castle Correctional Facility, NEW CASTLE CORRECTIONAL FACILITY CLASSIFICATION DEPT., UNKNOWN New Castle Correctional Facility staff, RANDY SHORT Director, Classification IDOC, JOHN LAYTON Marion County Sheriff's Department, C. BURKETT Indiana Ombudsman, | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 3] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). Accordingly, a separate order pursuant to 28 U.S.C. § 1915(b) for the collection of the filing fee is being issued.

**II.**

The plaintiff is a prisoner currently incarcerated at Putnamville Correctional Industrial Facility ("Putnamville"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

**III.**

Plaintiff Kevin D. Hamlet alleges that he was denied due process and retaliated against which led to his wrongful incarcerated. His claims are brought pursuant to 42 U.S.C. § 1983. The complaint suggests that these alleged constitutional violations are a result of the way his probation was revoked.

The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition,

not as a § 1983 claim. *Heck v. Humphrey*, 512 U.S. 477 (1994). "Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit." *Id.*; *see also Apampa v. Layng*, 157 F.3d 1103, 1105 (7th Cir. 1999). Hamlet seeks a declaratory judgment, money damages, costs and undefined equitable relief. Although Hamlet does not specifically seek an earlier release date, it is the injury alleged in a claim, and not the relief sought in the claim, which determines whether a claim is cognizable in habeas corpus or should instead be brought as a civil action. *Clayton El v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996). Hamlet's claim that he was wrongfully incarcerated as a result of an illegal parole revocation proceeding could lead to the conclusion that he is entitled to a shortened term of imprisonment.

This is true even if Hamlet is no longer in custody based on his original sentence from which the parole violation sprung. The custody requirement in a habeas proceeding is met where a prisoner attacks any one of a number of sentences, *see, e.g., Peyton v. Rowe*, 391 U.S. 54, 67 (1968), and when a prisoner attacks an earlier conviction, the effect of which was to delay the start of his current unrelated sentence. *See, e.g., Harrison v. Indiana*, 597 F.2d 115, 117 (7th Cir. 1979). The Seventh Circuit has explained that when a prisoner:

> seeks to attack a conviction the sentence for which has been fully served. . . . A successful attack on the first conviction would nonetheless shorten the time remaining for him to serve, so that the duration of his custody continued to be determined by the consecutive effect of both sentences.

*Id.* Thus, if it were determined that Hamlet is entitled to a time-cut to an earlier sentence, this determination would shorten the time remaining for him to serve on his current sentence. Under these circumstances, maintaining a civil rights action in which damages are sought is barred by *Heck*.

Because Hamlet is still in custody and because success in this civil suit would necessarily imply the invalidity of his sentence, the complaint is barred by *Heck*.

In addition, Hamlet has named at least ten individuals as defendants. As presented, it is unclear from the complaint what role the individual defendants had in violating Hamlet's due process and First Amendment rights. This is a second reason for dismissal of the complaint. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)).

For both of these reasons, the complaint fails to survive the screening required by § 1915A and the complaint is dismissed without prejudice.

The plaintiff shall have **through March 13, 2017,** in which to show cause why Judgment consistent with this Entry should not issue or to file an amended complaint which corrects the deficiencies noted above. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 2/13/17

_[signature: William T. Lawrence]_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN D. HAMLET
892772
PUTNAMVILLE – CF
Electronic Service Participant -- Court Only