# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN D. HAMLET,                )                                    | |
|                                 )                                    | |
|           Plaintiff,    )                                    | |
|                                 )                                    | |
|           vs.           )   No. 2:17-cv-00067-WTL-MJD            | |
|                                 )                                    | |
| COMMISSIONER Indiana Department of )                                 | |
| Correction, INDIANA PAROLE BOARD, )                                  | |
| K. DAVIDSON Indiana Parole Officer, )                                | |
| M. EASTON Indiana Parole Officer, )                                  | |
| BROWN IMPD Officer, MARION CO. )                                     | |
| CLERK OF THE COURT RM. 24,      )                                    | |
| SUPERINTENDENT New Castle Correctional )                             | |
| Facility, NEW CASTLE CORRECTIONAL )                                  | |
| FACILITY CLASSIFICATION DEPT.,  )                                    | |
| UNKNOWN New Castle Correctional Facility )                           | |
| staff, RANDY SHORT Director, Classification )                        | |
| IDOC, JOHN LAYTON Marion County )                                    | |
| Sheriff's Department, C. BURKETT Indiana )                           | |
| Ombudsman,                      )                                    | |
|                                 )                                    | |
|           Defendants.   )                                    | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

The plaintiff is a prisoner currently incarcerated at Putnamville Correctional Industrial Facility ("Putnamville"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint [dkt. 12] before service on the defendants. For the reasons explained below, certain claims will proceed while other claims must be dismissed.

**I.**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

**II.**

Plaintiff Kevin D. Hamlet alleges that he was denied due process and retaliated against which led to his wrongful incarceration. His claims are brought pursuant to 42 U.S.C. § 1983. He seeks a declaratory injunction and money damages.

Mr. Hamlet alleges that in March 2016, he was told to report to Parole District # 3 to see Parole Agent Kayla Davidson. She allegedly threatened Mr. Hamlet into signing an "illegal Parole Agreement" for a sentence he had already completed. Dkt. 12 at p. 4. While on parole, Mr. Hamlet provided Ms. Davidson with documentation that he was proscribed opiates. On April 8, 2016, Mr. Hamlet was arrested by Parole Supervisor John Hosler for a positive or "dirty" drug screen. Mr. Hamlet alleges that the specimen sample was thrown away and not tested by a laboratory and that

he was only arrested based on Ms. Davidson's and or Mr. Hosler's orders/assessment. Mr. Hamlet was then taken to the Marion County Jail and booked.

On April 11, 2016, Mr. Hamlet was visited by Parole Officer Michael Easton. Mr. Easton stated that if Mr. Hamlet waives his parole revocation hearing he would be given a 10 day sanction and released. Mr. Hamlet signed the waiver, but was not released. Instead he was transferred to the Reception Diagnostic Center in Plainfield, Indiana. Mr. Hamlet then contacted a long list of individuals notifying them that he was wrongfully incarcerated. He was never given a parole revocation proceeding. Instead Mr. Hamlet was held in custody and discharged to home detention on or about May 31, 2016.

Mr. Hamlet asserts that the parole agents took these actions to retaliate against Mr. Hamlet for filing a lawsuit alleging that he had been subjected to excessive force.

## III.

Applying the standard set forth above to the allegations of the amended complaint, certain claims shall proceed while other claims must be dismissed.

The claim that defendant parole officers, Drew Adams, John Sosler, Kayla Davidson, and Michael Easton, wrongfully incarcerated Mr. Hamlet in violation of his due process rights shall proceed as submitted.

The claim that defendant parole officers, Drew Adams, John Sosler, Kayla Davidson, and Michael Easton, retaliated against Mr. Hamlet in violation of his First Amendment rights shall also proceed as submitted.

All other claims and defendants are **dismissed.** "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769

F.3d 517, 528 (7th Cir. 2014); *see also Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.") (*citing Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)). As presented, the parole officers created a shame violation, circumvented the parole board, and coerced Mr. Hamlet is waiving his rights all in retaliation for filing a civil rights lawsuit. There are no allegations which suggest that the other named defendants were liable for the misconduct alleged.

## IV. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Drew Adams, John Sosler, Kayla Davidson, and Michael Easton in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on March 1, 2017 (docket 12), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 4/19/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN D. HAMLET
892772
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Drew Adams, Parole Supervisor PD #3
Indiana Parole Dist. #3
6400 East 30th St.
Indianapolis, IN 46219

John Sosler, Indiana Parole Supervisor
Indiana Parole Dist. #3
6400 East 30th St.
Indianapolis, IN 46219

Kayla Davidson, Parole Officer
Indiana Parole Dist. #3
6400 East 30th St.
Indianapolis, IN 46219

Michael Easton
Indiana Parole Dist. #3
6400 East 30th St.
Indianapolis, IN 46219